# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | | |
|---|---|---|
| **MERCEDES McNEAL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No. _____ |
| | ) | |
| v. | ) | **(Removed from District Court of Clinton** |
| | ) | **County, Iowa, Case No. LACV046143)** |
| **WESTROCK SERVICES, LLC** | ) | |
| | ) | **NOTICE OF REMOVAL** |
| **Defendant.** | ) | |

Defendant Westrock Services, LLC ("Defendant" or "Westrock"), by and through its undersigned attorneys, hereby removes to the United States District Court for the Southern District of Iowa the action entitled *Mercedes McNeal v. Westrock Services, LLC*, Case No. LACV046143 currently pending in the District Court of Clinton County, Iowa. In support of its Notice of Removal, Defendant states as follows:

1. Plaintiff Mercedes McNeal ("Plaintiff") sued Defendant by filing her state-court Petition on August 28, 2019, in the District Court for Clinton County, Iowa. The Petition was served on September 9, 2019. As required under 28 U.S.C. § 1446(a) and Local Rule 81, copies of all process, pleadings, and orders served are attached as Exhibit A.

2. No further proceedings have been had in this action, nor have any other processes, pleadings, or orders been served on Defendant.

3. Plaintiff's Petition alleges that Defendant violated Iowa Code § 730.5(8)(a)(1)-(2), Private sector drug-free workplaces.

4. Under 28 U.S.C. § 1446, removal is timely if it filed within 30 days after a defendant is served with a summons and the initial pleading. Defendant is timely filing this removal.

5.      This is a civil action over which this Court also has original jurisdiction under 28 U.S.C. § 1332 (diversity).

## DIVERSITY JURISDICTION

6.      This Court also has diversity jurisdiction over this case under 28 U.S.C. § 1332.

7.      Plaintiff Mercedes McNeal is a citizen of Iowa.

8.      Defendant Westrock Services, LLC's principal place of business in Atlanta, GA. Thus, under 28 U.S.C. § 1332, Defendant is not a citizen of Iowa.

9.      Therefore, complete diversity exists between the named parties under 28 U.S.C. § 1332, as Defendant is not a citizen of the same state as Plaintiff.

10.     Further, the standard for determining whether a plaintiff's claim meets the amount in controversy is whether the district court finds, by a preponderance of the evidence, that the amount in controversy is greater than $75,000. 28 U.S.C. § 1446(c)(2)(B).

11.     Courts generally may consider actual, compensatory, punitive damages, and attorney fees in determining whether the amount in controversy exceeds $75,000. See *Allison v. Sec. Ben. Life Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992); see also 28 U.S.C. § 1446(c)(2)(A)(i).

12.     Here, Plaintiff's alleged damages include "lost wages and benefits, loss of employment (for which she seeks reinstatement, or alternatively, front pay), compensatory damages including emotional distress and loss of enjoyment of life, prejudgment interest on all amounts as allowed by Iowa law," and attorney's fees and costs, including expert witness fees.

13.     Although Plaintiff's Petition does not allege a specific amount of total damages sought, Defendant believes in good faith that (without any admission as to the merits of Plaintiff's

allegations) that the total amount in controversy exceeds the jurisdictional amount of $75,000 set forth in 28 U.S.C. § 1332(a) based upon the allegations in her Petition.

14. Defendant vigorously oppose Plaintiff's claimed entitlement to attorney's fees, expenses, and costs, but those allegations by Plaintiff also ensure that the amount in controversy exceeds $75,000. Claimed attorney's fees must be considered when determining whether the amount in controversy exceeds $75,000. See *Wal-Mart Stores, Inc. v. Barton*, 223 F.3d 770, 770-74 (8th Cir. 2000) (upholding the district court's award of $106,832.60 in attorney fees).

15. Thus, Plaintiff's Petition seeks more than $75,000, which satisfies the amount in controversy requirement set forth in 28 U.S.C. § 1332(a). This Court has diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.

16. Additionally, on the same date as this notice was signed, Defendant filed a copy of this Notice of Removal with the Clerk of the District Court in and for Clinton County, Iowa (*see* Exhibit B – Notice of Filing of Notice of Removal to Federal Court), the district in which this action was commenced and pending at the time this Notice of Removal was filed with this Court.

17. Consistent with Local Rule 81, as of the date this Notice of Removal was signed, there are no motions pending in the District Court of Clinton County, Iowa that will require resolution by the court. However, matters that are currently pending in the District Court of Clinton County, Iowa, is *Mercedes McNeal v. Westrock Services, LLC*, Case No. LACV046143, that will require resolution by this Court. (S*ee* Exhibit C.)

18. Consistent with Local Rule 81, Defendant provides the names of counsel and the law firms that have appeared in the state court action, with their office addresses, telephone numbers, facsimile numbers, and email addresses, and the names of the parties they represent:

| **Attorney for Plaintiff** | **Attorney for Defendant** |
|---|---|
| John F. Doak | Christine Bestor Townsend |

| | |
|---|---|
| Katz Nowinski, P.C. | Ogletree, Deakins, Nash, Smoak, |
| 1000 36th Avenue | & Stewart, P.C. |
| Moline, IL  61265 | 1243 N. 10th Street, Suite 200 |
| Telephone:  309-797-3000 | Milwaukee, WI  53205 |
| Facsimile:  309-797-3330 | Telephone:  414-239-6413 |
| E-mail:  jdoak@katzlawfirm.com | Facsimile:  414-755-8289 |
| | E-mail: Christine.townsend@ogletree.com |

ACCORDINGLY, Defendant respectfully requests that the above-entitled action now commenced against it in the District Court of Clinton County, Iowa be removed to this Court.

Dated:  September 27, 2019.

Respectfully submitted,

OGLETREE, DEAKINS, NASH
SMOAK & STEWART, P.C.

By: /s/Christine Bestor Townsend
Christine Bestor Townsend (Iowa Bar #0012175)
OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
1243 N. 10th Street, Suite 200
Milwaukee, WI  53205
Telephone:  414 755-8289
Facsimile:  414-755-8289
E-mail:Christine.townsend@ogletree.com

**ATTORNEY FOR DEFENDANT
WESTROCK SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2019, the foregoing **Notice of Removal** was filed electronically, by using the Court's ECF system and also served the foregoing electronically, via e-mail on the following:

> John F. Doak   No. 0002143
> Katz Nowinski, P.C.
> 1000 36th Avenue
> Moline, IL  61265
> 309-797-3000
> 309-797-3330 (*Facsimile*)
> jdoak@katzlawfirm.com

**ATTORNEY FOR PLAINTIFF**

The undersigned attorney further certifies that she caused a copy of the foregoing Notice of Filing Notice of Removal to be electronically filed by using the District Court of Clinton County, Iowa Court's e-filing system on this 27 day of September, 2019.

/s/ Christine Bestor Townsend
**ATTORNEY FOR DEFENDANT**

40093250.1